**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ricci Saliba,<br><br>          Plaintiff,<br><br>v.<br><br>KS Statebank Corporation,<br><br>          Defendant. | No. CV-20-00503-PHX-JAT<br><br>**ORDER** |

Pending before the Court is the parties' joint request for a protective order. The parties state: "The Parties believe that discovery in this matter will involve the production or disclosure of sensitive information that requires a heightened level of confidentiality. Such information includes but is not limited to proprietary commercial policies or practices and/or consumer contact information." (Doc. 22 at 1).

First, the Court finds that the parties have failed to show good cause for the need for a protective order in this case. Specifically, global protective orders are not appropriate. *See AGA Shareholders, LLC v. CSK Auto, Inc.*, 2007 WL 4225450, at *1 (D. Ariz. Nov. 28, 2007). Rule 26(c) requires a party seeking a protective order to show good cause for issuance of such an order. Fed. R. Civ. P. 26(c)(1). "For good cause to exist under Rule 26(c), 'the party seeking protection bears the **burden of showing specific prejudice or harm will result if no protective order is granted**.'" *AGA Shareholders*, 2007 WL 4225450, at *1 (emphasis added) (quoting *Phillips v. G.M. Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002)). The party seeking protection "**must make a 'particularized showing of**

**good cause with respect to [each] individual document**.'" *Id.* (emphasis added) (quoting *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1102 (9th Cir. 1999)).

Thus, "[t]he burden is on the party requesting a protective order to demonstrate that (1) the material in question is a trade secret or other confidential information within the scope of Rule 26(c), and (2) disclosure would cause an identifiable, significant harm." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003) (quoting *Deford v. Schmid Prods. Co.*, 120 F.R.D. 648, 653 (D. Md. 1987)).

Here, the parties have not identified why "commercial policies or practices" would be confidential or what harm would come from disclosure. Further, the parties do not explain why identifying customer information cannot simply be redacted. Additionally, "including but not limited to" is too broad to qualify for protection. Finally, the actual protective order itself offers a completely different definition of what will be marked as confidential, without explanation. (Doc. 22-1 at 3) ("'Confidential Information' shall mean Documents and Testimony that a party or witness designates as 'Confidential.' 'Confidential Information' includes, but is not limited to, information that contains a party or third party's trade secrets, proprietary or sensitive information, employee records and personnel files, medical records, individual contact information and any other such information subject to privacy rights.").

Thus, based on the foregoing,

**IT IS ORDERED** that the stipulation for entry of a protective order (Doc. 22) is denied, without prejudice.

Dated this 22nd day of June, 2020.

James A. Teilborg
Senior United States District Judge