**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ricci Saliba, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KS Statebank Corporation,<br><br>Defendant. | No. CV-20-00503-PHX-JAT<br><br>**ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AND CERTIFYING SETTLEMENT CLASS** |

Plaintiff, on behalf of herself and a class of similarly situated persons, and Defendant have requested entry of an order granting preliminary approval of their class action settlement.

Per the Unopposed Motion for Preliminary Approval of Class Settlement (Doc. 51), the Parties have agreed to settle this Action pursuant to the terms and conditions set forth in an executed Settlement Agreement ("Settlement Agreement" or "Agreement"). Subject to the terms and conditions of the Settlement and subject to Court approval Plaintiff and the proposed Settlement Class will fully, finally, and forever resolve, discharge, and release their claims.

The Settlement has been filed with the Court, and Plaintiff and Class Counsel have filed an Unopposed Motion for Preliminary Approval of Class Settlement (the "Motion") (Doc. 51).

Upon considering the Motion, the Settlement and all exhibits thereto, the record in these proceedings, the representations and recommendations of counsel, and the

requirements of law, the Court finds that: (1) this Court has jurisdiction over the subject matter and the Parties to this Action; (2) the proposed Settlement Class meets the requirements of Federal Rule of Civil Procedure 23 and should be conditionally certified for settlement purposes only; (3) the persons and entities identified below should be appointed Class Representative and Class Counsel; (4) the Settlement is the result of informed, good-faith, arm's-length negotiations between the Parties and their capable and experienced counsel, and is not the result of collusion; (5) the Settlement is within the range of reasonableness and should be preliminarily approved; (6) the proposed Notice program and proposed forms of Notice satisfy Federal Rule of Civil Procedure 23 and constitutional due process requirements, and are reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, class certification, terms of the Settlement, Class Counsel's application for an award of attorneys' fees and expenses ("Fee Application") and request for a Service Award for Plaintiff, and their rights to opt-out of the Settlement Class or object to the Settlement, Class Counsel's Fee Application, and/or the request for a Service Award for Plaintiff; (7) good cause exists to schedule and conduct a Final Approval Hearing, pursuant to Federal Rule of Civil Procedure 23(e), to assist the Court in determining whether to grant Final Approval of the Settlement and enter the Final Approval Order, and whether to grant Class Counsel's Fee Application and request for a Service Award for Plaintiff; and (8) the other related matters pertinent to the Preliminary Approval of the Settlement should also be approved.

Based on the foregoing, **IT IS ORDERED GRANTING** the motion for preliminary approval of the settlement (Doc. 51) as follows:

1. As used in this Preliminary Approval Order, unless otherwise noted, capitalized terms shall have the definitions and meanings accorded to them in the Settlement.

2. The Court has jurisdiction over the subject matter and Parties to this proceeding pursuant to 28 U.S.C. §§ 1331, 1332.

3. Venue is proper in this District.

**Conditional Class Certification and Appointment of Settlement Class Representative and Class Counsel**

4. Courts acknowledge the propriety of class certification for purposes of class action settlements. *See In re Wireless Facilities*, 253 F.R.D. 607, 610 (S.D. Cal. 2008) ("Parties may settle a class action before class certification and stipulate that a defined class be conditionally certified for settlement purposes"). It is well established that trial courts should use a lower standard for determining the propriety of certifying a settlement class, as opposed to a litigation class. The reason for this is that no trial is anticipated in a settlement class, so the case management issues inherent in determining if the class should be certified need not be confronted. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997); *Jabbari v. Farmer*, 965 F.3d 1001, 1005–06 (9th Cir. 2020) ("Settlement may obviate the need to litigate individualized issues that would make a trial unmanageable, making common questions more important in the relative analysis.") (citations and quotations omitted); *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 558 (9th Cir. 2019) (Rule 23 "factors must be considered in light of the reason for which certification is sought—litigation or settlement—which 'is relevant to a class certification.' . . . [I]n deciding whether to certify a settlement-only class, 'a district court need not inquire whether the case, if tried, would present intractable management problems.'"). However, like any other class certification decision, certification of a class for settlement purposes requires a determination that the requirements of Rule 23 are met. *Amchem Prods.*, 521 U.S. at 620–22. Certification of a settlement class is appropriate here because the action meets the requirements of Rule 23(a) and Rule 23(b)(3). *See Caldera,* 320 F.R.D. at 517-520; *Makaron,* 324 F.R.D. at 232-235; *Stemple v. QC Holdings, Inc*., 2014 U.S. Dist. LEXIS 125313, *26 (S.D. Cal. Sept. 5, 2014).

5. The Court finds, for settlement purposes, that the Rule 23 factors are present and that certification of the proposed Settlement Class is appropriate.

6. The Court therefore provisionally certifies the following Settlement Class:

**All persons, and their respective marital communities, within the United**

**States who, (1) within the four years prior to the filing of Plaintiff's Complaint in the Lawsuit, (2) received a text message from Roy Meshel while he was employed by Defendant, (3) advertising and/or promoting one or more of Defendant's mortgage loan products and/or mortgage loan rates, (4) using the texting software provided by Skipio LLC, (5) to said person's cellular telephone number, (6) where the person's telephone number was not obtained by Defendant from a non-party lead generator, and was instead obtained by Mr. Meshel.**

7. Specifically, the Court finds, for settlement purposes and conditioned on final certification of the proposed class and on the entry of the Final Approval Order, that the Settlement Class satisfies the following factors of Rule 23, including Rule 23(e):

(a) <u>Numerosity</u>: In the Action, approximately 360 individuals are members of the proposed Settlement Class. The proposed Settlement Class is thus so numerous that joinder of all members is impracticable.

(b) <u>Commonality</u>: "[C]ommonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury,'" and the plaintiff's common contention "must be of such a nature that it is capable of classwide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 131 S. Ct. 2541, 2551 (2011) (citation omitted). Here, the class-wide settlement satisfies the commonality requirement by resolving the common questions Plaintiff contends underlie his claims.

(c) <u>Typicality</u>: The class-wide settlement renders Plaintiff's claims typical of the Settlement Class because it uniformly and fairly resolves claims concerning the same set of alleged practices, legal theories, and alleged harms. Rule 23(a)(3) is therefore satisfied. *Malta v. Fed. Home Loan Mortg. Corp.*, No. 10-CV-1290 BEN (NLS), 2013 U.S. Dist. LEXIS 15731, at *3 (S.D. Cal. Feb. 4, 2013) (finding plaintiffs' claims typical of the class in part because their claims were "based on the same legal theory as that applicable to the class: that the calls violated the TCPA").

(d) <u>Adequacy</u>: The named Plaintiff must fairly and adequately protect the interests

of the class. *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 985 (9th Cir. 2011). "To determine whether [the] named plaintiffs will adequately represent a class, courts must resolve two questions: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Id.* (internal quotation marks omitted). "Adequate representation depends on, among other factors, an absence of antagonism between representatives and absentees, and a sharing of interest between representatives and absentees." *Id; See also Ahmed v. HSBC Bank USA*, No. ED CV 15-2057 FMO (SPx), 2019 U.S. Dist. LEXIS 104401, at *17 (C.D. Cal. June 21, 2019).

(e) <u>Predominance and Superiority</u>: Rule 23(b)(3) is satisfied because the common legal and alleged factual issues presented by the Settlement Agreement predominate over individualized issues, and resolution of the common issues for the members of the Settlement Class in a single, coordinated proceeding is superior to hundreds of individual lawsuits addressing the same legal and factual issues. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1022 (9th Cir. 1998); *see also Jabbari v. Farmer*, 965 F.3d 1001, 1005–06 (9th Cir. 2020) (class-wide settlement may "obviate[] the need to litigate individualized issues that would make a trial unmanageable, making common questions more important in the relative analysis."); *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d at 558 ("[W]hether a proposed class is sufficiently cohesive to satisfy Rule 23(b)(3) is informed by whether certification is for litigation or settlement. A class that is certifiable for settlement may not be certifiable for litigation if the settlement obviates the need to litigate individualized issues that would make a trial unmanageable."); *McConville v. Renzenberger, Inc.*, No. CV 17-2972 FMO (JCX), 2019 WL 9408103, at *3 (C.D. Cal. Dec. 2, 2019) ("[C]ourts need not consider the Rule 23(b)(3) issues regarding manageability of the class action, as settlement obviates the need for a manageable trial.").

8. The Court appoints Plaintiff, Ricci Saliba as Class Representative.

9. The Court appoints the following firms and people as Class Counsel for the Settlement Class: Manuel Hiraldo: Hiraldo, P.A., Michael Eisenband: Eisenband Law, PA,

and Ignacio Hiraldo: IJH Law.

10. The Court recognizes that Defendant reserves its defenses and objections against Plaintiff's claims, and rights to oppose any request for class certification on Plaintiff's underlying claims, in the event that the proposed Settlement does not become final for any reason.

## **Preliminary Approval of the Settlement**

11. At the preliminary approval stage, the Court's task is to evaluate whether the Settlement is within the "range of reasonableness." 4 *Newberg on Class Actions* § 11.26. Settlement negotiations that involve arm's length, informed bargaining with the aid of experienced counsel support a preliminary finding of fairness. *See Manual for Complex Litigation*, Third, § 30.42 (West 1995) ("A presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery.") (internal quotation marks omitted).

12. The Court preliminarily approves the Settlement, together with all exhibits thereto, as fair, reasonable, and adequate. The Court finds that the Settlement was reached in the absence of collusion, is the product of informed, good-faith, arm's-length negotiations between the Parties and their capable and experienced counsel. The Court further finds that the Settlement, including the exhibits thereto, is within the range of reasonableness and possible judicial approval, such that: (a) a presumption of fairness is appropriate for the purposes of preliminary settlement approval; and (b) it is appropriate to effectuate notice to the Settlement Class, as set forth below and in the Settlement, and schedule a Final Approval Hearing to assist the Court in determining whether to grant Final Approval to the Settlement and enter a Final Approval Order.

## **Approval of Class Notice and the Claims Process**

13. The Court approves the form and content of the Class notices, substantially in the forms attached as Exhibits 1 and 2 to the Settlement Agreement.

14. The Court further finds that the Class Notice program described in the

Settlement is the best practicable under the circumstances. The Class Notice program is reasonably calculated under the circumstances to inform the Settlement Class of the pendency of the Action, certification of a Settlement Class, the terms of the Settlement, Class Counsel's Fee Application and the request for Service Award for Plaintiff, and their rights to opt-out of the Settlement Class or object to the Settlement. The Class notices and Class Notice program constitute sufficient notice to all persons entitled to notice. The Class notices and Class Notice program satisfy all applicable requirements of law, including, but not limited to, Rule 23 and the Constitutional requirement of Due Process.

15. Epiq Class Action & Claims Solutions, Inc. ("Epiq") shall serve as the Administrator.

16. Within 10 days of this Order, the Parties shall provide the Administrator with Settlement Class Data, which shall be treated as Confidential Information, so that the Administrator can carry out its duties as identified herein and pursuant to the Parties' Settlement.

17. The Administrator shall implement the Class Notice program, as set forth below and in the Settlement, using the Class notices substantially in the forms attached as Exhibits to the Settlement and approved by this Preliminary Approval Order. Notice shall be provided to the members of the Settlement Class pursuant to the Class Notice program, as specified in the Settlement and approved by this Preliminary Approval Order.

18. The Administrator shall administer Mail Notice as set forth in the Settlement.

19. The Administrator shall establish a Settlement Website as a means for Settlement Class members to obtain notice of, and information about, the Settlement. The Settlement Website shall be established as soon as practicable following Preliminary Approval, but no later than before commencement of the Class Notice program. The Settlement Website shall include hyperlinks to the Settlement, the Long-Form Notice, the Preliminary Approval Order, and other such documents as Class Counsel and counsel for Defendant agree to include. These documents shall remain on the Settlement Website until at least sixty (60) days following the deadline for submitting objections and opt-out

requests.

20. The Administrator is directed to perform all substantive responsibilities with respect to effectuating the Class Notice program, as set forth in the Settlement.

### **Final Approval Hearing, Opt-Outs, and Objections**

21. A Final Approval Hearing shall be held before this Court on October 6, 2021 at 11:00 a.m. in Courtroom 503 of the Sandra Day O'Connor U.S. Courthouse, 401 West Washington Street, Phoenix, AZ 85003 to determine whether to grant Final Approval to the Settlement and to enter a Final Approval Order, and whether Class Counsel's Fee Application, including costs, and request for a Service Award for the Class Representative should be granted.

22. Any person within the Settlement Class who wishes to be excluded from the Settlement Class may exercise their right to opt-out of the Settlement Class by following the opt-out procedures set forth in the Settlement and in the Notices at any time during the Opt-Out Period. To be valid and timely, opt-out requests must be received by those listed in the Long-Form Notice on or before the last day of the Opt-Out Period, which is 60 days from mailing of the Notice ("Opt-Out Deadline"), as specified in the Notice.

23. Any Settlement Class Member may object to the Settlement, Class Counsel's Fee Application, or the request for a Service Award for Plaintiff. Any such objections must be mailed to the Clerk of the Court, Defendant's Counsel and Class Counsel at the addresses indicated in the Long-Form Notice. For an objection to be considered by the Court, the objection must be postmarked no later than 60 days from mailing of the Notice, as set forth in the Notice. To be valid, an objection must include the following information:

    a. the name of the Action;

    b. the objector's full name, address, current telephone number, and telephone number to which any Messages may have been sent;

    c. an explanation of the basis upon which the objector claims to be a Settlement Class Member;

    d. all grounds for the objection, accompanied by any legal support for the

      objection known to the objector or his counsel;

    e. the number of times in which the objector has objected to a class action settlement within the five years preceding the date that the objector files the objection, and the name, court, and case number of each case in which the objector has made such an objection;

    f. the identity of all counsel who represent the objector or may appear at the Final Approval Hearing on the objector's behalf;

    g. any and all agreements that relate to the objection or the process of objecting—whether written or oral—between objector or objector's counsel and any other person or entity;

    h. a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and

    i. the objector's signature (an attorney's signature is not sufficient).

### Further Papers in Support of Settlement and Attorney's Fee Application

24. Plaintiff and Class Counsel shall file their Motion for Final Approval of the Settlement, Fee Application, and request for a Service Award for Plaintiff no later than 45 days before the Final Approval Hearing.

25. Plaintiff and Class Counsel shall file their responses to timely filed objections to the Motion for Final Approval of the Settlement, the Fee Application and/or request a Service Award for Plaintiff no later than 15 days before the Final Approval Hearing.

### Effect of Failure to Approve Settlement

26. If the Settlement is not finally approved by the Court, or for any reason the Parties fail to obtain a Final Approval Order as contemplated in the Settlement, or the Settlement is terminated pursuant to its terms for any reason, then the following shall apply:

    (a) All orders and findings entered in connection with the Settlement shall become null and void and have no further force and effect, shall not be used or referred to for any purpose whatsoever, and shall not be admissible or discoverable in any other proceeding;

    (b) Nothing in this Preliminary Approval Order is, or may be construed as, any

admission or concession by or against Defendants or Plaintiff on any point of fact or law; and

(c) Neither the Settlement terms nor any publicly disseminated information regarding the Settlement, including, without limitation, the Class Notice, court filings, orders and public statements, may be used as evidence. In addition, neither the fact of, nor any documents relating to, either Party's withdrawal from the Settlement, any failure of the Court to approve the Settlement, and/or any objections or interventions may be used as evidence.

### Stay/Bar of Other Proceedings

27. All proceedings in the Action are STAYED until further order of the Court, except as may be necessary to implement the terms of the Settlement.

28. Based on the foregoing, the Court sets the following schedule for the Final Approval Hearing and the actions which must take place before and after it:

| Event | Date |
|---|---|
| Deadline for Completion of Mailed Notice Program | 60 days after Preliminary Approval; no later than 90 days before the Final Approval Hearing |
| Deadline for filing papers in support of Final Approval of the Settlement and Class Counsel's application for an award of attorneys' fees and expenses | 45 days prior to the Final Approval Hearing |
| Deadline for opting-out of Settlement and submission of objections | 60 days from mailing of Notice; no later than 30 days prior to the Final Approval Hearing |
| Responses to Objections | 15 days prior to the Final Approval Hearing |
| The Final Approval Hearing | October 6, 2021 |

Dated this 25th day of May, 2021.

James A. Teilborg
Senior United States District Judge

- 10 -