**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ricci Saliba, | No. CV-20-00503-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| KS Statebank Corporation, | |
| Defendant. | |

Pending before the Court is the Joint Motion to Approve Cy Pres Recipient ("Joint Motion"). (Doc. 66).

**I.   BACKGROUND**

The Court approved a Final Class Action Settlement on October 6, 2021. (Doc. 63). The settlement agreement, in part, provided the following:

> If any amounts remain 180 days from issuance of this second distribution, the Parties shall seek Court approval of a cy pres award to a nonprofit charitable organization. The Parties shall jointly select a cy pres recipient prior to moving for the Court's approval.

(Doc. 55-1 p. 22-23; Doc. 66-1 p. 22-23). The parties followed the distribution procedures and $5,577.38 remains. (Doc. 66 p. 2). The parties then filed the pending Joint Motion, proposing People Acting Now Discover Answers ("PANDA") as the *cy pres* recipient. (Doc. 66 p. 2). PANDA's mission "is to support discovery processes that lead to improved treatments and cures for devastating childhood diseases." *Our Impact*, PANDA [https://perma.cc/JM34-YMN8]. PANDA "accomplishes its mission by raising awareness and private funding for the Steele Children's Research Center at the University of

Arizona." *Id.*

## II. DISCUSSION

### a. Legal Standard

"*Cy pres* distributions must account for the nature of the plaintiffs' lawsuit, the objectives of the underlying statutes, and the interests of the silent class members, including their geographic diversity." *Nachshin v. AOL, LLC*, 663 F.3d 1034, 1036 (9th Cir. 2011) (citing *Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1307-08 (9th Cir. 1990)). A beneficiary based in a single location may still be appropriate if the beneficiary has a nationwide reach. *See In re Easysaver Rewards Litig.*, 906 F.3d 747, 761-62 (9th Cir. 2018) (finding appropriate university recipients of single location because research topics had national scope, research was "directly responsive" to underlying issues, and impact of research was not confined to single location.)

There must also be "a driving nexus between the plaintiff class and the *cy pres* beneficiaries." *Id.* at 1038. There are many cases where courts have rejected a proposed *cy pres* recipient because it failed the nexus requirement. In *Six Mexican Workers*, the court rejected a *cy pres* award to the "Inter-American Fund (IAF) for indirect humanitarian assistance in Mexico" in part because benefitted group was "too remote from the plaintiff class" and there was "no reasonable certainty that any member [would] be benefited." 904 F.2d at 1304-09. In *Nachshin*, the court rejected donations to the Legal Aid Foundation of Los Angeles, the Boys and Girls Club of Santa Monica and Los Angeles, and the Federal Judicial Center Foundation in part because the recipients had nothing to do with the plaintiff's claims, which related to AOL's provision of commercial email services. 663 F.3d at 1040. The Ninth Circuit concluded that "[t]he parties should not have trouble selecting beneficiaries from any number of non-profit organizations that work to protect internet users from fraud, predation, and other forms of online malfeasance." *Id.* at 1041. In *Dennis v. Kellogg*, the settlement specified that "any charity to receive a portion of the *cy pres* distributions [would] be one that feeds the indigent." 697 F.3d 858, 866 (9th Cir. 2012). The court found that while a noble goal, and while cereal was part of the case subject

matter, such recipients were "divorced from the concerns embodied in [the] consumer protection laws" at issue in the case. *Id.* On the other hand, a *cy pres* recipient set up to "promote the interests of online privacy and security" had "a direct and substantial nexus to the interests of absent class members" where the litigation concerned "various state and federal privacy statues." *Lane v. Facebook, Inc.*, 696 F.3d 811, 816-17, 821 (9th Cir. 2012).

### b. Analysis

The Court appreciates why the parties proposed PANDA as a worthy *cy pres* recipient. However, "[n]ot just any worthy recipient can qualify as an appropriate *cy pres* beneficiary." *Dennis*, 697 F.3d at 865. The Joint Motion does not explain how PANDA qualifies as an appropriate *cy pres* beneficiary based on well-established Ninth Circuit law. On cursory examination of such requirements, the Court does not see how PANDA can meet such requirements because there is no nexus between the objectives of the Telephone Consumer Protection Act and PANDA's research on childhood diseases.

### III. CONCLUSION

Plaintiff should identify the legal authority that supports the Court approving the selection of PANDA as the *cy pres* recipient. If there is no such legal authority, Plaintiff should select a different recipient and submit another motion.

Accordingly,

**IT IS ORDERED** that the Joint Motion to Approve Cy Pres Recipient (Doc. 66) is denied without prejudice.

Dated this 20th day of September, 2024.

James A. Teilborg
Senior United States District Judge